1  THOMAS A. ZACCARO (SB# 183241)
   thomaszaccaro@paulhastings.com
2  D. SCOTT CARLTON (SB# 239151)
   scottcarlton@paulhastings.com
3  BRIAN S. KAEWERT (SB# 305140)
   briankaewert@paulhastings.com
4  PAUL HASTINGS LLP
   515 South Flower Street
5  Twenty-Fifth Floor
   Los Angeles, California 90071-2228
6  Telephone:  1(213) 683-6000
   Facsimile:  1(213) 627-0705
7
   Attorneys for Non-Party
8  OFFICIAL COMMITTEE OF
   UNSECURED CREDITORS
9  OF ALL TITLE III DEBTORS
   (OTHER THAN COFINA AND PBA)
10 and for Defendant PAUL HASTINGS LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. HENNIGAN,<br><br>Plaintiff,<br><br>vs.<br><br>MCKINSEY & CO., INC., *et al.*,<br><br>Defendants. | CASE NO. 2:20-CV-01582-VAP-RAO<br><br>***EX PARTE* APPLICATION OF NON-PARTY OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALL TITLE III DEBTORS (OTHER THAN COFINA AND PBA) AND DEFENDANT PAUL HASTINGS SEEKING LEAVE TO FILE *EX PARTE* APPLICATION  UNDER SEAL**<br><br>Action Filed: February 18, 2020<br><br>Hon. Virginia A. Phillips |

**STATEMENT OF RELIEF SOUGHT**

Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rule 7-19, Non-Party Official Committee of Unsecured Creditors of All Title III Debtors (Other Than COFINA and PBA) (the "Official Committee") and Paul Hastings LLP ("Paul Hastings")[1] respectfully submit this *ex parte* application seeking leave to file portions of an *ex parte* application under seal.

This application is made on the grounds that the Complaint filed in the above-captioned action (*i.e.*, ECF Document Nos. 1 and 1-1) contains certain information that is protected by the attorney-client privilege, the attorney work-product doctrine, and/or the mediation privilege (collectively, "Privileged Information"). The Official Committee is the holder of such privilege and has not waived it, nor does it intend to waive it; in the context of the mediation privilege, the Official Committee does not have the power to waive the privilege. Paul Hastings and the Official Committee both hold the privilege with respect to attorney work-product. To preserve the integrity of this Privileged Information, the Official Committee and Paul Hastings desire to file an *ex parte* application seeking an Order to seal the Complaint. However, to address the Privileged Information contained in the Complaint and the reasons that the Privileged Information should be sealed from public view, the Official Committee and Paul Hastings believe it is necessary to redact from public view certain portions of the *ex parte* application seeking an Order to seal the Complaint.

Pursuant to Local Rule 7-19.1, on March 12, 2020 at 2:37 p.m., D. Scott Carlton emailed Mr. Hennigan informing him of the timing and substance this

---

[1] Paul Hastings has not been served and does not waive service of process of the Complaint. Paul Hastings makes this application for the limited purpose of protecting the privilege of the Official Committee and protecting its attorney work product. Paul Hastings reserves its rights to compel arbitration, respond or otherwise move to dismiss the Complaint following service of the Complaint. Likewise, the Official Committee appears for the limited purpose of protecting its privileges. The Official Committee does not consent to or waive personal jurisdiction in California.

application.² (Declaration of D. Scott Carlton ("Carlton Decl.") ¶ 5, Ex. A.) Mr. Carlton attached to his email to Hennigan a near-final copy of this application and all supporting papers and informed him that he would again be served with the filed version once the filing was complete. (*Id.*) Mr. Carlton also invited Hennigan to participate in a telephone call to discuss the substance of the application. (*Id.*) Hennigan was informed that he would have twenty-four hours from service to file a response to the application. (*Id.*) He was also informed to notify the Court Clerk by telephone if he does not intend to oppose the application. (*Id.*)

This application is based on this Application and the accompanying memorandum, the Declaration of D. Scott Carlton filed concurrently herewith, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

Respectfully submitted,

DATED: March 12, 2020        PAUL HASTINGS LLP

By: */s/* Thomas A. Zaccaro
—————————————
THOMAS A. ZACCARO

Attorneys for Non-Party
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
OF ALL TITLE III DEBTORS
(OTHER THAN COFINA AND PBA)
and for Defendant PAUL HASTINGS LLP

---

² Mr. Carlton was unable to advise Mr. Hennigan orally, as Mr. Hennigan has thus far declined to provide his telephone number.

-2-  *EX PARTE* APPLICATION SEEKING LEAVE TO FILE APPLICATION UNDER SEAL

**Memorandum of Points and Authorities**

I. **INTRODUCTION**

Non-Party Official Committee of Unsecured Creditors of All Title III Debtors (Other Than COFINA and PBA) (the "Official Committee")[3] and Paul Hastings LLP ("Paul Hastings") respectfully submit this *ex parte* application seeking leave to file portions of an *ex parte* application under seal.

As discussed below, this *ex parte* relief is appropriate and necessary. The Official Committee and Paul Hastings would suffer undue prejudice if the relief requested herein is not granted. The Complaint contains information that is protected by the attorney-client privilege, the mediation privilege, and/or the attorney work-product doctrine (collectively, "Privileged Information"). Plaintiff obtained the Privileged Information during the course of his employment at Paul Hastings while performing legal services on behalf of the Official Committee. The Official Committee holds the attorney-client privilege on these materials and the Official Committee has not waived, and does not intend to waive such privileges. The Official Committee also has no power to waive the mediation privilege, although materials should remain protected from disclosure.

In addition, the work-product privilege belongs to both the Official Committee and Paul Hastings. Neither Paul Hastings nor the Official Committee have waived or intend to waive protections associated with the attorney work product doctrine. Rather, the applicants desire to file an *ex parte* application seeking an Order to place the Complaint under seal (the "Underlying Application"). To discuss the reasons why the Complaint should be placed under seal without publicly discussing the very Privileged Information they seek to protect, the Official Committee and Paul

---

[3] The Official Committee is the statutory committee of unsecured creditors appointed by the United States Trustee in the cases under Title III of PROMESA, 42 U.S.C. § 2101 *et seq.*, with respect to the Commonwealth of Puerto Rico, the Puerto Rico Highways and Transportation Authority, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Electric Power Authority.

Hastings hereby seek leave to file portions of the Underlying Application under seal.

## II. FACTUAL AND PROCEDURAL HISTORY

On February 18, 2020, Plaintiff filed a Complaint containing certain Privileged Information.[4] (*See generally* Compl.) The Official Committee and Paul Hastings intend to take all reasonable steps to diligently protect this Privileged Information from further disclosure and to maintain the various privileges that protect this Privileged Information. Paul Hastings, on behalf of itself and the Official Committee, has requested that Plaintiff file a motion to seal the Complaint, but he has declined. As such, the Official Committee and Paul Hastings submit the instant application seeking leave to file under seal an *ex parte* application designed to stem the unauthorized spread of the Privileged Information. Paul Hasting has contacted Plaintiff to advise him of the timing and substance of this application.[5]

## III. ARGUMENT

### A. *Ex Parte* Relief Is Appropriate and Necessary

*Ex parte* relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The "attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir.

---

[4] Plaintiff's prolix complaint is over 850 pages (including exhibits), with 1,724 paragraphs, which names over 150 defendants in a far-fetched RICO conspiracy, while even includes an honest services fraud claim against the Houston Astros related to their recent cheating scandal.

[5] Plaintiff has declined to participate in a telephone conversation, so we have been unable to discuss this application orally. However, Paul Hastings has notified Plaintiff of the intention to file this application via e-mail to andrewshennigan@gmail.com. It is our understanding that Mr. Hennigan's address is L.R. 5.2-1 ███████████████ Arcadia, CA 91007.

1997). The mediation privilege "serve[s] important public ends by promoting conciliatory relationships among parties to a dispute, by reducing litigation costs and by decreasing the size of state and federal court dockets, thereby increasing the quality of justice in those cases that do not settle voluntarily." *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1177 (C.D. Cal. 1998), *aff'd*, 216 F.3d 1082 (9th Cir. 2000). Similarly, the attorney work product doctrine is an important privilege that "protects the integrity of adversarial proceedings by allowing attorneys to prepare their thoughts and impressions about a case freely and without reservation." *Am. Civil Liberties Union of N. California v. United States Dep't of Justice*, 880 F.3d 473, 484 (9th Cir. 2018); *see also* Fed. R. Civ. P. 26(b)(3). The filing of the Complaint containing Privileged Information has put these important protections in jeopardy, as neither the Official Committee nor Paul Hastings has ever authorized such disclosure, and neither waived or intends to waive any privilege with regard to the Privileged Information that Plaintiff included in his publicly filed Complaint.[6] As such, the Official Committee and Paul Hastings are diligently pursuing all reasonable measures to prevent the further dissemination of the Privileged Information, including seeking leave to file under seal portions of an *ex parte* application seeking an Order to seal the Complaint (*i.e.*, the Underlying Application).

The Official Committee and Paul Hastings will be harmed if they must seek relief through a regularly noticed motion; delay in sealing the Complaint will disadvantage the applicants in several ways. First, Plaintiff will presumably attempt to serve the various defendants in this action, further disseminating the Privileged Information. Second, defendants may begin to file answers or make other responsive filings that may make reference to the Privileged Information contained in the Complaint, making the control of such information harder to contain. Third, the risk

---

[6] *See Lopes v. Vieira*, 719 F. Supp. 2d 1199, 1201 (E.D. Cal. 2010) ("The work-product privilege belongs to both the attorney and the client.").

of further dissemination of the Privileged Information to the public at large grows with each day that it is publicly available. It is critical that the Complaint be sealed as soon as possible.

Neither the Official Committee nor Paul Hastings is responsible for the release of this Privileged Information. They did not authorize Plaintiff, or indeed anyone, to divulge its Privileged Information and were unaware of Plaintiff's intention to do so with materials he received in the course of his employment at Paul Hastings as an attorney representative of the Official Committee. (Carlton Decl., ¶ 3.)

### B. Courts Have Long Recognized That Sealing Privileged Information Is Appropriate

It is appropriate for judicial records to be sealed from public access when there are "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The protection of privileged materials and attorney work-product is regularly found to be a sufficiently compelling reason to seal judicial records. *See, e.g.*, *in re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 15-16688, 2017 WL 5712130, at *4 (9th Cir. Nov. 28, 2017) (affirming sealing decision where "[t]he special master found that HP provided compelling reasons to justify its sealing motion, including that the documents at issue included . . . material protected by the attorney–client privilege and the work product doctrine"); *Hernandez v. Creative Concepts*, No. 2:10-cv-02132-PMP-VCF, 2013 WL 3864066, *9 (D. Nev. July 24, 2013) ("The Ninth Circuit . . . recognizes that attorney-client communications are 'traditionally kept secret' and would not require 'compelling reasons' or a 'particularized showing of good cause' before such materials are filed with the court under seal."). Thus, where a judicial filing contains information protected by privilege or the attorney work-product doctrine, such filing should be sealed.[7]

---

[7] *See also Guidiville Rancheria of Cal. v. United States*, No. 12-CV-01326-YGR,

### C. The Underlying Application Necessarily Contains Privileged Information And Leave To File It Under Seal Should Be Granted

To support the Underlying Application and to explain why the Complaint must be sealed—*i.e.*, that it contains certain Privileged Information—the Official Committee and Paul Hastings must be able to discuss that Privileged Information (and the reasons why it is privileged or otherwise protected from disclosure) without fear of waiver or further dissemination of the Privileged Information. This can be

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

---

2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ("The document is covered by the attorney–client privilege, which establishes compelling reasons for sealing it from the public record."); *Hanson v. Wells Fargo Home Mortg., Inc.*, No. 13-CV-00939-JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013) ("Courts generally accept attorney–client privilege and the work-product-doctrine as a 'compelling reason' justifying a motion to seal.").

accomplished by granting the applicants leave to file certain portions of the Underlying Application under seal.

## IV. CONCLUSION

For the foregoing reasons, the Official Committee and Paul Hastings respectfully request that the Court grant the applicants leave to file portions of the Underlying Application under seal.

Respectfully submitted,

DATED: March 12, 2020     PAUL HASTINGS LLP

By: /s/ Thomas A. Zaccaro
_____
THOMAS A. ZACCARO

Attorneys for Non-Party
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
OF ALL TITLE III DEBTORS
(OTHER THAN COFINA AND PBA)
and for Defendant PAUL HASTINGS LLP